UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


VALERIE PELAQUIN KELLY,

                    Plaintiff,


vs.                                    Case No.  2:06-cv-290-FtM-99DNF


LEE   COUNTY   MOSQUITO   CONTROL
DISTRICT; WILLIAM R. OPP,

                    Defendants.
_____


## OPINION AND ORDER

          This matter comes before the Court on Defendants' Motion to
Dismiss Count III of Plaintiff's Amended Complaint and Counts I,
II, and III against OPP, Individually with Prejudice (Doc. #3)
filed on June 22, 2006.  Plaintiff filed her Response on July 12,
2006.  (Doc. #14.)  Plaintiff concedes that the claims raised in
Counts I through III cannot apply to defendant William R. Opp in
his individual capacity.  The Court agrees, and will therefore
address only defendant Lee County Mosquito Control District's
argument to dismiss Count III as barred by the statute of
limitations.

I.

          In deciding a motion to dismiss, the Court must accept all
factual allegations in a complaint as true and take them in the
light most favorable to plaintiff.  Christopher v. Harbury, 536

U.S. 403, 406 (2002).  A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle her to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).  However, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).  Generally, a statute of limitations is an affirmative defense that must be pled.  See Fed. R. Civ. P. 8(c).  However, failure to comply with the statute of limitations may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) when failure to comply is plain on the face of the complaint.  Foster v. Savannah Commc'n, 140 Fed. Appx. 905, 907 (11th Cir. 2005)(citing AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982)).

## II.

Plaintiff was employed as an accountant with defendant Lee County Mosquito Control District (the District).  Plaintiff alleges that during her employment defendant Opp sexually discriminated against her.  Plaintiff further alleges that she filed a written complaint about suspected violations of law and gross

mismanagement, malfeasance, misfeasance, and gross waste of public funds and gross neglect of duty concerning Opp.  A copy of this complaint was given to Opp and the District on September 22, 2004, and plaintiff's employment was terminated on September 23, 2004.

Plaintiff filed a four-count Complaint alleging the following claims: (1) sex discrimination claim against the local government defendant under federal and state law (Count I); (2) retaliation claim for reporting the sexual harassment against the local government defendant under federal and state law (Count II); (3) a public whistleblower claim for reporting the misuse of agency funds against the local government defendant under state law (Count III); and (4) a federal civil rights claim against the individual defendant (Count IV).  Only Count III is the subject of the motion to dismiss by the District.

### III.

The District contends that plaintiff is barred from bringing a claim under Florida's public whistleblower statute because she failed to timely initiate the action in court. The parties dispute whether the District is a state agency, as plaintiff asserts (Doc. #2, ¶ 11), or a local governmental authority, as the District asserts.  It is not necessary for the Court to resolve this legal issue because the statute of limitations bars the claim under either circumstance.

A plaintiff must exhaust administrative remedies prior to filing a civil action under the Florida Whistleblower Act.  City of Miami v. Del Rio, 723 So. 2d 299 (Fla. 3rd DCA 1999).  For a local governmental authority, the applicable Florida statutory provision states in pertinent part:

> (b) Within 60 days after the action prohibited by this section, any local public employee protected by this section may file a complaint with the appropriate local governmental authority, if that authority has established by ordinance an administrative procedure for handling such complaints or has contracted with the Division of Administrative Hearings under s. 120.65 to conduct hearings under this section. . . . If the local governmental authority has not established an administrative procedure by ordinance or contract, a local public employee may, within 180 days after the action prohibited by this section, bring a civil action in a court of competent jurisdiction.  For the purpose of this paragraph, the term "local governmental authority" includes any regional, county, or municipal entity, special district, community college district, or school district or any political subdivision of any of the foregoing.

FLA. STAT. § 112.3187(8)(b).  Lee County has no local governmental authority to handle local public employee whistleblower claims against Lee County or a division thereof.  See LEE COUNTY, FLA., ORDINANCES § 11 1/2-9(c) (2006) ("The human relations officer shall not handle complaints which name Lee County or a division thereof as the respondent.").  There is no statutory provision granting the Florida Commission on Human Relations (FCHR) with the authority to investigate a local public employee's claim involving a local government agency's violation of the public whistleblower statute.  See Caldwell v. Board of Trustees Broward Cmty. Coll., 858 So. 2d

1199, 1200 (Fla. 4th DCA 2003).  Consequently, plaintiff had 180 days of when the prohibited action occurred in which to initiate a civil action for this claim with any court of competent jurisdiction.  The last possible prohibited action was plaintiff's September 23, 2004 termination, and the 180 day period began to run from that date.  <u>Allocco v. City of Coral Gables</u>, 221 F. Supp. 2d 1317, 1366-67 (S.D. Fla. 2002).  Plaintiff filed her complaint in state court on February 17, 2006.  Since more than 180 days expired, Count III is barred by the statute of limitations if the District is a local agency.

If the District is a state agency, plaintiff had sixty (60) days in which to file a complaint with the FCHR.  FLA. STAT. §§ 112.3187(8)(a); 112.31895(1)(a).  Plaintiff asserts that she filed such a complaint on January 28, 2005, which was within 118 days of "blowing the whistle."  (Doc. #14 at 3.)  Assuming this to be correct, the FCHR complaint was untimely because it was filed more than 60 days after plaintiff's termination.

Thus, if the District is a state agency, the complaint with FCHR was untimely and plaintiff has not exhausted her administrative remedies.  If the District is a local agency, the FCHR had no jurisdiction, and plaintiff's complaint in court was untimely.

Accordingly, it is now

**ORDERED**:

1.   Defendants' Motion to Dismiss Counts I, II, and III against OPP, Individually with Prejudice (Doc. #3) is **GRANTED.**

2.   Defendants' Motion to Dismiss Count III of Plaintiff's Amended Complaint (Doc. #3) is **GRANTED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___14th___ day of December, 2006.


_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record